UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

NICOLE LEE DUNN,

                              Plaintiff,                        5:23-cv-731 (BKS/ML)

v.

COMM. COL. RICHARD S. ALLEN, NYS Police Bureau
of Criminal Investigation, and
INV. TIMOTHY RYAN, NYS Police Investigator,

                              Defendants.
_____

**Appearances:**

*Plaintiff pro se*
Nicole Lee Dunn
Baldwinsville, NY 13027

**Hon. Brenda K. Sannes, Chief United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

Plaintiff Nicole Lee Dunn filed a Complaint on June 16, 2023, along with an application to proceed *in forma pauperis* ("IFP"). (Dkt. Nos. 1, 2). This matter was referred to United States Magistrate Judge Miroslav Lovric who, on September 19, 2023, issued a Report-Recommendation and Order granting the application to proceed IFP and recommending that the Complaint be dismissed with leave to amend. (Dkt. No. 4). On October 2, 2023, Plaintiff filed an objection to Magistrate Judge Lovric's recommendation as well as an Amended Complaint. (Dkt. No. 5). On October 26, 2023, in light of Plaintiff's October 2, 2023 filing, the Court denied Magistrate Judge Lovric's recommendation as moot and referred the Amended Complaint to Magistrate Judge Lovric for review. (Dkt. No. 6).

On December 21, 2023, Magistrate Judge Lovric issued a Report-Recommendation and Order (the "Report-Recommendation") recommending that the Amended Complaint be dismissed with leave to amend. (Dkt. No. 7). Plaintiff was informed that she had fourteen days within which to file written objections to the Report-Recommendation under 28 U.S.C. § 636(b)(1) and that the failure to object to the Report-Recommendation within fourteen days would preclude appellate review. (*Id.* at 8).

On January 5, 2024, Plaintiff filed an objection to the Report-Recommendation as well as a document captioned "Amended Complaint" and docketed as "Second Amended Complaint." (Dkt. Nos. 10, 11). For the reasons set forth below, the Report-Recommendation is adopted in its entirety. The Amended Complaint and the Second Amended Complaint are dismissed without prejudice and with leave to replead.

I.  **STANDARD OF REVIEW**

A court reviews *de novo* those portions of a Magistrate Judge's findings and recommendations that have been properly preserved with a specific objection. *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228–29 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C). "A proper objection is one that identifies the specific portions of the [report-recommendation] that the objector asserts are erroneous and provides a basis for this assertion." *Kruger v. Virgin Atl. Airways, Ltd.*, 976 F. Supp. 2d 290, 296 (E.D.N.Y. 2013) (internal quotation marks omitted). Properly raised objections must be "specific and clearly aimed at particular findings" in the report. *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009). "[E]ven a pro se party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal . . . ." *Machicote v. Ercole*, No. 06-cv-13320, 2011 WL 3809920 at *2, 2011 U.S. Dist. LEXIS 95351, at *4 (S.D.N.Y. Aug. 25, 2011) (citation omitted). Findings and recommendations as to which there was no properly preserved objection

are reviewed for clear error. *Id*. To the extent a party makes "merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments" in the original submission, the court will only review for clear error. *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008).

## II.     DISCUSSION

At the outset, Magistrate Judge Lovric noted that the Amended Complaint was "difficult to decipher" and did not provide "sufficient factual information" regarding the claims Plaintiff sought to assert against Defendants. (Dkt. No. 7, at 2). As best as Magistrate Judge Lovric could discern, the Amended Complaint appeared to "allege that for several years, Plaintiff has sought certain additional information about the investigation surrounding the death of her mother, Salena Bennett, but has not received a satisfactory response from Defendants." (*Id.*). However, Magistrate Judge Lovric explained, "[t]he Amended Complaint does not list any causes of action and does not appear to be seeking any relief." (*Id.*).

Magistrate Judge Lovric recommended dismissal on two grounds. First, Magistrate Judge Lovric found that the Amended Complaint was "largely incomprehensible," failed to "provide fair notice of the claims [Plaintiff] attempt[ed] to assert," and thus was "not acceptable under Rules 8 and 10 of the Fed. R. Civ. P.," noting that "Plaintiff's Section 1983 claims against Defendants are entirely unclear" and "likely untimely." (*Id.* at 4–5 & n.1). Second, Magistrate Judge Lovric found that "to the extent that Plaintiff's claims seek to compel Defendants—as law enforcement officers—to prosecute suspected criminal activity or investigate accusations of criminal activity, she fails to assert a cognizable claim." (*Id.* at 5–6).

Plaintiff purports to assert a number of objections in documents titled "Objection" and "Second Amended Complaint,"[1] but only two of Plaintiff's objections appear to concern the Report-Recommendation. (Dkt. Nos. 10, 11). Moreover, the first seems to be that the Report-Recommendation is identical to the September 19, 2023 Report-Recommendation and Order, (*see* Dkt. No. 11, at 1 ("R&R (12/21/2023) is read to near exact/to exact text/content/context of R&R (09/19/2023).")), which is not an objection to any particular aspect of the Report-Recommendation. And the second seems to be that the cases cited in the Report-Recommendation are inapplicable, (*see id.* at 2 (arguing that cases cited in the Report-Recommendation are not applicable to her as she is not incarcerated and seeming to argue that she has legal right as daughter of the deceased to proceed), which lacks merit as the cases cited by Magistrate Judge Lovric that Plaintiff appears to object to do in fact stand for the propositions for which they are cited. None of Plaintiff's other objections concern any particular aspect of the Report-Recommendation.[2] Accordingly, the Court reviews the remainder of the Report-Recommendation for clear error and, having found none, adopts the Report-Recommendation in its entirety, including the recommendation that the Amended Complaint be dismissed and Plaintiff be given leave to amend.

---

[1] It appears that Plaintiff filed the Second Amended Complaint in response to the Report-Recommendation, as Plaintiff filed the Second Amended Complaint concurrently with the Objection and within the requisite period for filing objections. (*See* Dkt. No. 7 (Report-Recommendation filed December 21, 2023); Dkt. No. 10 (Objection to Report Recommendation filed January 5, 2024); Dkt. No. 11 (Second Amended Complaint filed January 5, 2024)). The Court notes that although objections to a report-recommendation and order must generally be filed within fourteen days (in other words, by January 4, 2024 in this case), for a party proceeding pro se who is served with a report-recommendation and order by mail, three additional days are added to the fourteen-day period, meaning that the party has seventeen days from the date that the report-recommendation and order is mailed to the party to serve and file objections. Fed. R. Civ. P. 6(d).

[2] Plaintiff later filed a one-page document captioned "Objections," (Dkt. No. 12), questioning the Court regarding "service to the defendants" and a one-page document captioned "Verified Sworn Statement," (Dkt. No. 13), affirming that "all written documents . . . are true." As these submissions do not contain objections to the Report-Recommendation, the Court does not consider them here.

4

While the Second Amended Complaint, (Dkt. No. 11), is not acceptable under Rule 15(a)(1) as Plaintiff has already amended her "pleading once as a matter of course," Fed. R. Civ. P. 15(a)(1), having adopted the Report-Recommendation's recommendation that Plaintiff be given leave to amend, the Court applies that leave to the Second Amended Complaint. The Court reaches the same conclusion applying the findings in the Report-Recommendation to the Second Amended Complaint as it did the Amended Complaint, because the Second Amended Complaint asserts no new claims or factual allegations that cure the pleading defects identified in the Report-Recommendation. (*Compare* Dkt. No. 5 *with* Dkt. No. 11). The Second Amended Complaint is therefore dismissed for the same reasons as the Amended Complaint.

### III. CONCLUSION

For these reasons, it is hereby

**ORDERED** that Magistrate Judge Lovric's Report-Recommendation, (Dkt. No. 7), is **ADOPTED**; and it is further

**ORDERED** that Plaintiff's Amended Complaint, (Dkt. No. 5), and Second Amended Complaint, (Dkt. No. 11), are **DISMISSED with leave to amend** pursuant to 28 U.S.C. § 1915(e)(2)(B); and it is further

**ORDERED** that any Third Amended Complaint must be filed **within thirty (30) days** of the date of this Order; and that any Third Amended Complaint must be a complete pleading which will replace the current Second Amended Complaint in total; and it is further

**ORDERED** that if Plaintiff files a timely Third Amended Complaint, it shall be referred to Magistrate Judge Lovric for review; and if Plaintiff fails to file a timely Third Amended Complaint, the Clerk is directed to close this case; and it is further

**ORDERED** that the Clerk serve a copy of this Order upon Plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: <u>April 8, 2024</u>
Syracuse, New York

*Brenda K. Sannes*
Brenda K. Sannes
Chief U.S. District Judge